UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LAYTON and JOHN
WILLIAM LAYTON,

              Plaintiffs,                              Case No. 1:13-cv-325

v.                                                 HON. JANET T. NEFF

KAREN D. RUSSELL, ENTERPRISE
LEASING COMPANY OF DETROIT, LLC,
and EAN HOLDINGS, LLC,

              Defendants.
_____/

## OPINION

Now pending before the Court in this removed negligence case is a motion for summary judgment filed by Defendants Enterprise Leasing Company of Detroit, LLC (Enterprise) and EAN Holdings, LLC (EAN) (Dkt 44), arguing that (1) MICH. COMP. LAWS § 257.401(2) applies and precludes the imposition of liability on EAN, and (2) both EAN and Enterprise are entitled to the protection of 49 U.S.C. § 30106(a). Having conducted a Pre-Motion Conference in this matter and having fully considered the parties' written briefs, statement of undisputed material facts and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court determines that Defendants' motion is properly granted.

## I. BACKGROUND

Plaintiff Shirley Layton, who resides in Livingston County, Michigan with her husband, John William Layton, alleges that on August 20, 2012, she was struck and seriously injured by a vehicle owned by EAN that was driven by Defendant Karen Russell (Russell) and leased to Russell by Enterprise (Dkt 1, Compl. ¶¶ 2-5; Statement of Material Facts [SMF][1] ¶ 1).  EAN leased the 2011 Chevrolet to Enterprise pursuant to a July 31, 2009 "Agreement Regarding Lease of Vehicles by EAN Holdings, LLC to Subsidiaries and Affiliates of Enterprise Holdings, Inc., a Missouri Corporation" ("the Agreement") (SMF ¶ 2).  Enterprise Holdings is the parent corporation of both EAN and Enterprise (*id.* ¶ 3).  Enterprise Holdings, LLC is the sole member and owner of both EAN and Enterprise (*id.* ¶ 4).  Vehicles owned by EAN are leased to Enterprise and other subsidiaries and/or affiliates of Enterprise Holdings, Inc. pursuant to leases with minimum lease terms of 31 days (*id.* ¶ 10).

On February 19, 2012, Plaintiffs filed suit against EAN, Enterprise and Russell in the Circuit Court for Ingham County, Michigan, seeking, in pertinent part, to hold EAN and Enterprise vicariously liable for Plaintiffs' claimed damages under Michigan's owner liability statute, MICH. COMP. LAWS § 257.401.  On March 26, 2013, EAN and Enterprise, which are considered Missouri residents for diversity jurisdiction purposes, removed the case to this Court on both diversity and federal-question jurisdictional grounds.  On the latter, Defendants contend that 49 U.S.C. § 30106(a), the "Graves Amendment" to the Federal Transportation Equity Act, preempts all state vicarious liability schemes imposing liability on lessors of motor vehicles where the vehicle was

---

[1]Unless otherwise indicated, the Court has cited to those material facts stated by Defendants Enterprise and EAN (Dkt 46) and admitted by Plaintiffs (Dkt 49).

involved in an accident through no fault of the lessor (Dkt 1, Notice of Removal ¶ 19).  Co-Defendant Russell consented in the removal to this Court (*id.* at 13-14).

Following a period of limited discovery, EAN and Enterprise requested a Pre-Motion Conference, proposing to file a dispositive motion (Dkt 31).  This Court conducted a Pre-Motion Conference with counsel in October 2013 and issued a briefing schedule on the proposed dispositive motion (Dkt 37).  The parties filed their motion papers in January 2014.

## II.  ANALYSIS

### A.  Standard of Review

Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The party moving for summary judgment has the initial burden of showing that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has made such a showing, the burden is on the nonmoving party to demonstrate the existence of an issue to be litigated at trial.  *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008).  The court must view the evidence and draw all reasonable inferences in favor of the nonmoving party.  *Id.*  The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52.

## B. Discussion

1.    *Whether, as a Matter of State Law, EAN Can Be Held Vicariously Liable*

Defendants first argue that summary judgment for EAN is appropriate, as a matter of state law.  A car rental company's liability in tort for loss caused by a lessee-driver is set out in Michigan's owner's liability statute, MICH. COMP. LAWS § 257.401.  *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001).  The Michigan legislature enacted § 257.401 in 1949 to create a cause of action, unknown at common law, against owners of motor vehicles arising from the negligent operation of those vehicles by authorized users.  *Id.* (citing *Travelers Ins. v. U–Haul of Mich.*, 597 N.W.2d 235, 237 (Mich. Ct. App. 1999)).  The purpose of the statute is to place the risk of damage or injury on the vehicle owner, who has ultimate control over the vehicle.  *Id.* (citing *Travelers Ins.*, 597 N.W.2d at 240).

In 1995, the legislature amended § 257.401 to limit car rental companies' liability under the statute.  Subsection (2) of the amended statute provides in pertinent part the following:

> A person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle under a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days is not liable in common law for damages for injuries to either person or property resulting from the operation of the leased motor vehicle.

MICH. COMP. LAWS § 257.401(2).

Here, EAN leases the vehicles owned by it, including the vehicle involved here, to Enterprise and other affiliates pursuant to the Agreement.  Each lease has a minimum term of 31 days. Defendants EAN and Enterprise therefore argue that MICH. COMP. LAWS § 257.401(2) applies and precludes the imposition of liability on EAN (Dkt 45 at 11).

4

Plaintiffs respond by emphasizing that EAN did not enter into a lease with Russell (Dkt 48 at 7). Plaintiffs opine that "the wording under a lease providing for the use of the motor vehicle by the lessee is significant" (*id.* at 8) (emphasis in original).

The plain language of MICH. COMP. LAWS § 257.401(2) supports Defendants' argument. *See Ball v. Chrysler Corp.*, 570 N.W.2d 481, 483 (Mich. Ct. App. 1997) (Neff, J.) (citing MICH. COMP. LAWS § 257.401a (defining "owner" to exclude "a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days"); and *Hill v. Gen'l Motors Acceptance Corp.*, 525 N.W.2d 905, 908 (Mich. Ct. App. 1994) (opining that § 401(2) "reinforces § 401a by exempting from liability lessors who meet the criteria set forth in § 401a")). "Where the language of the statute is clear and unambiguous, the plain meaning of the statute reflects the Legislature's intent, and judicial construction is not permitted." *Id.* In such cases, this Court will simply apply the statute as written. *Id.* (citing *Turner v. Auto Club Ins. Ass'n*, 528 N.W.2d 681, 684 (Mich. 1995)). Therefore, the Court holds that EAN cannot be held liable under Michigan's owner's liability statute, MICH. COMP. LAWS § 257.401, for damages resulting from the operation of the leased motor vehicle.

2. *Whether the Graves Amendment Preempts Vicarious Liability Claims*

Defendants next argue that even assuming, arguendo, that EAN may be held liable under Michigan's owner's liability statute for damages resulting from the operation of the leased motor vehicle, summary judgment would be properly granted to both EAN and Enterprise because the Graves Amendment, 49 U.S.C. § 30106(a), preempts Plaintiffs' state-law claims. The 2005 Graves Amendment to the Federal Transportation Equity Act provides, in pertinent part, the following:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> > (1)   the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2)   there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. § 30106(a).

In response, Plaintiffs first assert that "[t]he Graves Amendment, 49 U.S.C. 30106(2)(b)(1) and (2) provides the financial responsibility laws of Michigan are not superseded" (Dkt 48 at 5). However, courts have consistently held that the Graves Amendment preempts all state vicarious liability schemes imposing liability on lessors of motor vehicles where the vehicle was involved in an accident through no fault of the lessor. *Windmill Distrib. Co. L.P. v. Hartford Fire Ins. Co.*, 449 F. App'x 81, 82 (2d Cir. 2012); *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 457 (8th Cir. 2010); *Cates v. Hertz Corp.*, 347 F. App'x 2, 6 (5th Cir. 2009); *Garcia v. Vanguard Car Rental USA, Inc.*, 540 F.3d 1242, 1252 (11th Cir. 2008). *See, e.g., Hagen v. U-Haul Co. of Tenn.*, 613 F. Supp. 2d 986, 1000 (W.D. Tenn. 2009); *Jasman v. DTG Operations, Inc.*, 533 F. Supp.2d 753, 757 (W.D. Mich., 2008) (holding that the amendment preempts Michigan's vicarious liability scheme and that "owners of vehicles, such as Dollar Rental, are not liable solely by reason of being the owner of the vehicle"); *Watson v. Majewski*, No. 10-cv-12910, 2011 WL 4944430, at *3 (E.D. Mich. Oct. 18, 2011) ("the Graves Amendment preempts and eliminates plaintiffs' statutory ownership liability claim brought under MICH. COMP. LAWS § 257.401(3)").

6

Second, Plaintiffs argue that the word "person" in the Graves Amendment refers to Russell, and that the Graves Amendment therefore does not give immunity to EAN, the owner, where EAN did not lease the vehicle to Russell (Dkt 48 at 8).  However, Plaintiffs' statutory construction is again not supported by the plain language of the statute, nor do Plaintiffs reference any supporting case law.

Last, Plaintiffs argue that EAN is not an affiliate of Enterprise "as neither controls the other" (Dkt 48 at 8-9).  Plaintiffs' argument does not have evidentiary support.  For purposes of the Graves Amendment, the term "affiliate" means "a person other than the owner that directly or indirectly controls, is controlled by, or is under common control with the owner."  49 U.S.C. § 30106(d)(1).  The term "control" means "the power to direct the management and policies of a person whether through ownership of voting securities or otherwise."  *Id.*

Here, Enterprise and EAN are identified in the 2009 Agreement as subsidiaries and/or affiliates of Enterprise Holdings, Inc. (SMF ¶¶ 8, 11).  Plaintiffs do not dispute that EAN and Enterprise are under the common control of Enterprise Holdings and that Enterprise Holdings, as the owner of both EAN and Enterprise, has the power to direct the management and policies of both EAN and Enterprise (*id.* ¶¶ 5-6).  Indeed, EAN and Enterprise share the same managers (*id.* ¶ 7).  Plaintiffs excerpt deposition testimony from Paul DeClue, Jr., Enterprise's Vice-President of Finance, as supporting their argument (Dkt 48 at 8-9); however, as Defendants point out in reply (Dkt 50 at 2), the deposition testimony is not contrary to and in fact, supports DeClue's attestation that "EAN Holdings, LLC is, therefore, an affiliate of Enterprise Leasing Company of Detroit, LLC" (Dkt 45-4, Defs.' Ex. D, DeClue Aff. at ¶ 8).

In sum, on these undisputed facts, the Court holds that neither EAN nor Enterprise can be held vicariously liable for the asserted negligent operation of the vehicle by Russell.

### III.  CONCLUSION

For the foregoing reasons, the Court grants EAN and Enterprise's motion for summary judgment (Dkt 44).  An Order will be entered consistent with this Opinion.


Dated: June 30, 2014                          _/s/ Janet T. Neff_____
                                              JANET T. NEFF
                                              United States District Judge